UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| WAYNE EPPS, | : | | |
|---|---|---|---|
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-1001 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 4 |
| | : | | |
| UNITED STATES CAPITOL POLICE BOARD *et al*., | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; DISMISSING THE PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

## I. INTRODUCTION

This matter is before the court on the defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56. The plaintiff, a former member of the Library of Congress Police Force ("the Library Police"), has asserted age discrimination claims against the United States Capitol Police Board ("the Capitol Police Board") and the United States Library of Congress ("the Library of Congress"). The plaintiff's complaint arises from the merger of the Library Police into the Capitol Police, as mandated by the U.S. Capitol Police and Library of Congress Police Merger Implementation Act of 2007 ("the Merger Act"), 121 Stat. 2546 (2008). The Merger Act subjected Library Police officers to a mandatory retirement age for the first time and prohibited some older Library Police officers, including the plaintiff, from becoming Capitol Police officers, providing instead for

their transfer to the Capitol Police as civilian employees. The plaintiff alleges that this provision of the Merger Act violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623 *et seq*. Because the plaintiff did not participate in mediation prior to commencing suit and because mediation is a jurisdictional prerequisite to commencing suit against the Capitol Police Board in federal court, the court grants the defendants' motion to dismiss the plaintiff's claims against the Capitol Police Board for lack of subject matter jurisdiction. Additionally, because the ADEA prohibits neither maximum entry ages nor mandatory retirement ages for federal law enforcement positions, the court dismisses the plaintiff's claims against the Library of Congress *sua sponte* for failure to state a claim for which relief can be granted.

## II. FACTUAL & PROCEDURAL BACKGROUND

In January 2008, Congress enacted the Merger Act, which effected the merger of the Library Police into the Capitol Police. *See generally* 121 Stat. 2546. The Merger Act transferred all Library Police employees to the Capitol Police as either officers or civilian employees. *Id.* § 2(a)(1). The Act provided that only those Library Police officers who could complete twenty years of federal law enforcement service prior to their sixtieth birthday would become Capitol Police officers.[1] *Id.* § 2(b)(1)(A)(i). Those Library Police officers who were ineligible to become Capitol Police officers under this requirement transferred to the Capital Police Board as civilian employees. *Id.* § 2(b)(1)(B). Under the Merger Act, no transferred Library Police

---

[1] Capitol Police officers are subject to mandatory retirement when they reach fifty-seven years of age or when they complete twenty years of service, whichever comes later. *See* 5 U.S.C. § 8335(c). As a result, the Merger Act's age limitation ensures that all transferred Library Police officers who became Capitol Police officers will face mandatory retirement when they are sixty years old at the oldest.

officer, whether he became an officer or a civilian, would suffer a reduction in pay or rank. *Id.* § 2(d)(1).

The plaintiff alleges that the Library Police hired him to serve as an officer in July 2002 when he was forty-eight years old. Compl. ¶¶ 5, 8. The plaintiff asserts that throughout his employment, he fully performed his job duties as required by the Library Police. *Id.* ¶ 6. Nevertheless, the plaintiff claims he was "forced to resign" in July 2008 at the age of fifty-four when he learned that he would not be allowed to continue to serve as an officer upon transfer to the Capitol Police and would instead become a civilian employee.[2] *Id.* ¶ 7, 9. The plaintiff alleges that in addition to preventing him from serving as an officer with the Capitol Police, the defendants deprived him of advanced training and prevented him from advancing in rank or salary. *Id.* ¶ 9.

In January 2009, the plaintiff filed an administrative charge of age discrimination with the Congressional Accountability Office of Compliance ("the CAO"). *Id.* ¶ 13 & Ex. 1. In May 2009, following the expiration of the mandatory counseling period with the CAO, *id.* Ex. 1, the plaintiff commenced this action, *see generally id.* Notably, he did so without first submitting to mediation at the administrative level. *See* Office of Compliance, Certificate of Official R. ¶ 5.

In September 2009, the defendants filed this motion to dismiss or, in the alternative, for summary judgment. *See generally* Defs.' Mot. In their motion, the defendants argue, *inter alia*, that this court lacks subject matter jurisdiction over the plaintiff's claims because the plaintiff failed to exhaust his administrative remedies before filing suit. *See* Defs.' Mot. at 10, 12-14. In November 2009, the plaintiff filed an opposition in which he argued, *inter alia*, that the court

---

[2] This restriction was in accordance with the Merger Act because, having become a federal law enforcement officer at age forty-eight, the plaintiff would have been able to accrue a maximum of twelve years of federal law enforcement service before his sixtieth birthday. *See* Compl. ¶ 4, 8; *see also* 121 Stat. 2546 § 2(b)(1)(A)(i).

should excuse his failure to exhaust his administrative remedies on equitable grounds. *See* Pl.'s Opp'n at 18-23. With the defendants' motion ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.[3]

### III. ANALYSIS

#### A. Legal Standard for a Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a

---

[3] The defendants also argue that the plaintiff was not an employee of the Capitol Police Board and is therefore ineligible to sue. Defs.' Mot. at 7-9. Because the court concludes that the plaintiff did not comply with the jurisdictional requirement of mediation before bringing suit against the Capitol Police Board, *see infra* Part III.C, the court need not consider this alternative argument.

claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

This Circuit has stated that courts should consider Rule 12(b)(1) jurisdictional challenges before addressing Rule 12(b)(6) challenges. *United States ex rel. Settlemire v. District of Columbia*, 198 F.3d 913, 920 (D.C. Cir. 1999) (citing *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993). Put simply,

> [w]here . . . the defendant moves for dismissal under Rule 12(b)(1) . . . as well as on other grounds, "the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined."

*Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (quoting 5 FED. PRAC. & PROC. § 1350); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) (holding that a motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction); *but cf. Jones v. Georgia*, 725 F.2d 622, 623 (11th Cir. 1984) (noting that "exceptions" to this "generally preferable approach" exist when a plaintiff's claim has no plausible foundation or is clearly foreclosed by Supreme Court precedent).

### B. Legal Standard for *Sua Sponte* Dismissal for Failure to State a Claim

A court can dismiss a complaint *sua sponte* for failure to state a claim for which relief can be granted if, "taking all the material allegations of the complaint as admitted and construing them in the plaintiff's favor," the court determines that the plaintiff's complaint could not possibly entitle him to relief. *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 373-74 (D.C. Cir. 2000); *see also* 5B FED PRAC. & PROC. § 1357 (noting that a court may dismiss a complaint "on its own initiative" for failure to state a claim provided that the procedure used is fair). To avoid dismissal for failure to state a claim, the complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted). That said, "it is possible for a plaintiff to plead too much: that is, to plead himself out of court by alleging facts that render success on the merits impossible." *Sparrow v. United Airlines, Inc.*, 216 F.3d 1111, 1116 (D.C. Cir. 2000).

Yet, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-

63 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). A claim is facially plausible when the pleaded content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

In deciding whether to dismiss a complaint for failure to state a claim, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 39-40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

When a court dismisses a complaint *sua sponte* for failure to state a claim, it must generally give the plaintiff leave to amend the complaint. *Razzoli*, 230 F.3d at 377. If, however, it is clear from the complaint that "the claimant cannot possibly win relief . . . because the facts alleged affirmatively preclude [it]," then the court may dismiss the complaint *sua sponte* without granting leave to amend. *Id.* (quoting *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998)) (internal quotation marks omitted).

### C. The Court Dismisses the Plaintiff's Claims Against the Capitol Police Board for Lack of Subject Matter Jurisdiction

The defendants argue that the court lacks subject matter jurisdiction over the plaintiff's claims against the Capitol Police Board because the plaintiff failed to exhaust his administrative remedies with respect to those claims before filing suit. Defs.' Mot. at 10. Specifically, the defendants contend that under the Congressional Accountability Act ("CAA"), 2 U.S.C. §§ 1301 *et seq.*, an employee may sue the Capitol Police Board for age discrimination only after completing both counseling and mediation.[4] Defs.' Mot. at 8, 10. The defendants argue that this requirement is a jurisdictional prerequisite to the court's jurisdiction and is therefore not subject to equitable exception. *Id.* at 10. In response, the plaintiff concedes that he failed to exhaust his administrative remedies, but argues that his failure should be excused because attempts at administrative remediation would have been futile, given statutory language that made the assignment of the plaintiff to a civilian role unappealable. *See* Pl.'s Opp'n at 18-22. The plaintiff also argues that the Capitol Police Board should be estopped from relying on the plaintiff's failure to exhaust his administrative remedies because the plaintiff reasonably relied on a Capitol Police Board official's statement that no further administrative action was necessary following the completion of counseling. *Id.* at 23-24.

Under the CAA, the requirement that a plaintiff complete both counseling and mediation before suing for discrimination is a prerequisite to a court's exercise of jurisdiction. *Blackmon-Malloy v. U.S. Capitol Police Bd.*, 575 F.3d 699, 705 (D.C. Cir. 2009) (citing 2 U.S.C. § 1408(a)). Because the counseling and mediation requirements are jurisdictional prerequisites, courts have "no authority to create equitable exceptions to [them]." *Id.* at 704 (citing *Bowles v.*

---

[4] The CAA applies the ADEA and other anti-discrimination laws to the legislative branch of the federal government, s*ee* 2 U.S.C. § 1302, and "provides the exclusive remedy for which legislative branch employees can bring a suit challenging employment discrimination," *Adams v. U.S. Capitol Police Bd.*, 564 F. Supp. 2d 37, 40 (D.D.C. 2008).

*Russell*, 551 U.S. 205 (2007)); *see also Spinelli v. Gross*, 446 F.3d 159, 162 (D.C. Cir. 2006) (concluding that "a court may 'not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise'" (quoting *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001))).

In this case, there is no dispute that the plaintiff failed to complete mediation as required by the CAA. Office of Compliance Certificate of Official R. ¶ 5. Because the mediation requirement is a jurisdictional prerequisite, this court lacks the authority to excuse the plaintiff's failure to complete mediation on equitable grounds.[5] *Blackmon-Malloy*, 575 F.3d at 705-06. Accordingly, the court grants the defendants' motion to dismiss the plaintiff's claim against the Capitol Police Board for lack of subject matter jurisdiction.

### D. The Court Dismisses the Plaintiff's Claims Against the Library of Congress

#### 1. The Court Declines to Dismiss the Plaintiff's Claims Against the Library of Congress for Lack of Subject Matter Jurisdiction

The defendants assert that the court similarly lacks subject matter jurisdiction over the plaintiff's claims against the Library of Congress because the plaintiff failed to exhaust his administrative remedies with respect to those claims. Defs.' Mot. at 12-14. Although the plaintiff does not respond specifically to this argument in his opposition, it would appear that he intended his arguments for an equitable exception to the exhaustion requirement to apply to the Library of Congress as well as to the Capitol Police Board. *See* Pl.'s Opp'n at 18-22.

Unlike the Capitol Police Board, the Library of Congress is subject to the ADEA directly rather than via the CAA. *See* 29 U.S.C. § 633a (specifying that all personnel actions at the

---

[5] The cases the plaintiff cites as creating equitable exceptions to the exhaustion requirement concern laws for which administrative exhaustion is not a jurisdictional prerequisite. *See, e.g.*, *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (noting that although judges generally have the power to create discretionary exceptions to exhaustion requirement, "[w]here Congress specifically mandates, exhaustion is required").

Library of Congress "shall be made free from any discrimination based on age"). This distinction is significant because, in contrast to the mediation and counseling requirements of the CAA, the administrative exhaustion requirement of the ADEA is not a jurisdictional prerequisite "but rather a statutory condition precedent . . . subject to waiver, estoppel, and equitable tolling." *Kennedy v. Whitehurst*, 690 F.2d 951, 961 (D.C. Cir. 1982); *see also Evans v. Sebelius*, 674 F. Supp. 2d 228, 239 (D.D.C. 2009) (explaining that exhaustion of administrative remedies under the ADEA "is not jurisdictional, but operates as a statute of limitations defense"); *Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181, 190 (D.D.C. 2008) (noting that "[t]he administrative requirements of . . . the ADEA are not jurisdictional"); *but see Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003) (holding that ADEA administrative exhaustion is subject to equitable exception but noting some inconsistency regarding whether the requirement might nevertheless be in some sense a jurisdictional prerequisite and declining to resolve the issue); *Coghlan v. Peters*, 555 F. Supp. 2d 187, 191 (D.D.C. 2008) (noting uncertainty within the district but declining to treat the ADEA's administrative exhaustion requirement as jurisdictional). Because the administrative exhaustion requirement in the ADEA is not jurisdictional, the defendants' arguments regarding the plaintiff's failure to exhaust his administrative remedies do not call into question the court's jurisdiction over the plaintiff's claims against the Library of Congress. Accordingly, the court denies the defendants' motion to dismiss the plaintiff's claims against the Library of Congress for lack of subject matter jurisdiction and turns to consider the merits of the plaintiff's claims.

**2. The Court Dismisses the Plaintiff's Claims Against the Library of Congress for Failure to State a Claim for Which Relief Can Be Granted**

The plaintiff alleges that upon the merger of the Library Police and the Capitol Police, he was denied the opportunity to continue to receive advanced training, serve as a police officer and

advance in rank and pay due to his age. *See* Compl. ¶¶ 5, 9. He contends that this treatment constituted age discrimination in violation of the ADEA. *See id.* ¶ 12.

As noted, the Merger Act imposed a maximum age limit for Library Police officers transferring to the Capitol Police, restricting to civilian employment those officers who would not have completed twenty years of federal service by the time they reached the age of sixty. 121 Stat. 2546 § 2(b)(1)(A)(i). Capitol Police officers are law enforcement officers. *See Riggin v. Office of Senate Fair Employment Practices*, 61 F.3d 1563, 1568 (D.C. Cir 1995) (concluding that "[i]t would make no sense" to distinguish Capitol Police from "other law enforcement officers" for purposes of the age discrimination statute). Maximum age limits for federal law enforcement personnel are a recognized exception to the ADEA's prohibition on age discrimination. *See* 5 U.S.C. § 3307(d) (granting agency heads the authority to fix minimum and maximum age limits for federal law enforcement officers); *Stewart v. Smith*, 673 F.2d 485, 492 (D.C. Cir. 1982) (concluding that § 3307(d) serves as an exception to the ADEA); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 69 (2000) (noting in dicta that mandatory age limits for federal law enforcement officers are "exempted from the [ADEA's] coverage"); *Johnson v. Mayor & City Council of Balt.*, 472 U.S. 353, 366 n.10 (1985) (explaining that "Congress, of course, may exempt federal employees from application of the ADEA").

Accordingly, even if the plaintiff's allegations are true, *see Holy Land Found.*, 333 F.3d at 165, he has not stated a cognizable claim for relief under the ADEA because Congress's imposition of a mandatory age limit on Library Police officers transferred to the Capitol Police

11

does not violate the ADEA.[6] *Rovillard v. U.S. Capitol Police Bd.*, 2010 WL 742477, at *2 (D.D.C. Mar. 4, 2010) (granting summary judgment for the Capitol Police Board in a nearly identical suit because the age restrictions imposed by the Merger Act are "exempted from the ADEA"); *accord Fraternal Order of Police Library of Congress Labor Comm. v. Library of Congress*, 2010 WL 742453, at *8 (D.D.C. Mar. 4, 2010).

Although courts ordinarily grant plaintiffs the opportunity to amend their complaints following dismissal for failure to state a claim, *Razzoli*, 237 F.3d at 377, the plaintiff in this case could not possibly remedy the defects in his claim through amendment because "the facts alleged [in his complaint] affirmatively preclude relief," *id.* Because the Merger Act's imposition of a maximum age limit on Library Police officers does not violate the ADEA, the court dismisses the plaintiff's complaint *sua sponte* without leave to amend for failure to state a claim for which relief can be granted.

### IV. CONCLUSION

For the foregoing reasons, the court grants in part the defendants' motion to dismiss for lack of subject matter jurisdiction and dismisses the plaintiff's remaining claims *sua sponte* for

---

[6] Although he does not raise any constitutional claims in his complaint, the plaintiff suggests in his opposition that the Merger Act's age restrictions might violate the Equal Protection Clause of the Fourteenth Amendment. *See* Pl.'s Opp'n at 9. Because, however, "age is not a suspect classification under the Equal Protection Clause," a statute that discriminates on the basis of age does not violate the Equal Protection Clause so long as "the age classification is rationally related to a legitimate state interest." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000). Thus, because "it is rational to desire a young and vigorous law enforcement department," the imposition of maximum age limitations on Library Police officers is constitutional. *Rovillard v. U.S. Capitol Police Bd.*, 2010 WL 742477, at *3 (D.D.C. Mar. 4, 2010); *see also Riggin v. Office of Senate Fair Employment Practices*, 61 F.3d 1563, 1571 (D.C. Cir 1995) (upholding mandatory retirement for Capitol Police officers as constitutional under the Equal Protection Clause).

12

failure to state a claim. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of June, 2010.

                                                                                   RICARDO M. URBINA
                                                                United States District Judge